Our last case this morning is Viatech Technologies v. Microsoft, 2017-2276. Mr. Lennon. Thank you, Your Honor. May it please the Court? We submit that the claim construction of the District Court limiting the claims that are at issue on this appeal to a discrete unit in a single file is erroneous. And we're basing our argument and our position on those issues on this Court's opinion in the server technology case that we have cited in our briefing. The claim structure that we are addressing here in the District Court address is essentially a digital content file comprising three elements, digital content, the file access control mechanism, and the dynamic license database. And we submit, first of all, that despite the Court's reference to the claim structure and the claim language, what the District Court did not do is give operative effect to basically two terms that are important here. The first term is comprising, which is open-ended and requires the three elements to be part of the digital content file. But it does not limit the claim itself or the digital content file we submit to just a single file or a discrete unit as the District Court ruled. The District Court also did not give operative effect to the associated with language that appears in the last paragraph with reference to the dynamic license database. The phrase, we're in the dynamic license database, is associated with the digital content file. We argued to the District Court does not mean literally that, again, the three elements have to be within a single file. Do you have a problem with Judge Andrews' construction of file as a collection of data treated as a unit in a file system? Not his construction in the claim construction. So that construction as such you're fine with? Yes. Your concern is how he ultimately applied that construction in his summary judgment order. That's correct. In his summary judgment order, he stated specifically that in the claim construction opinion he had ruled that the digital content file or the term file meant a unit, a discrete unit or a single file. And he did not explicitly state that in his definition. What he referred to was, in essence, the plain and ordinary meaning. He referred to extrinsic evidence. That definition as a collection of data treated as a unit we are fine with. It's his subsequent ruling that his original ruling, that definition was further limited to a single file or discrete unit. When it comes to the disk image file version of Windows and Office, what I'll call the pre-installation version, it seems like the whole question of claim construction isn't necessary to be correct or incorrect because, in the end, there's nothing in the accused products that can be deemed a database at that point in the pre-installation phase. As I understand it, nothing in the court's claim constructions or applications of those claim constructions are needed to find no infringement of the pre-installation version of the accused products because the pre-installation version lacks a database. And then if I were to agree with that, then the summary judgment could be affirmed. Well, there are two issues there in our view. First of all, the software for creating the database that exists on the installed version on a user system is in the, let's call it the ISO file, the disk image file. And second, the parties agreed during the claim construction proceedings that a database would be defined as a collection of records containing information. I don't remember the exact definition, but my recollection is that is the general gist of it and we do refer to that in our briefing. So, our expert testified that with respect to the infringement issues relating to the ISO file, that there was in fact a database on the disk image or in the disk image consisting of those records and license information which was contained in those records. Which then, when installed by a user, the software created the token store and trusted store and the cash store that is pointed to in our briefing to the district court as the database when it's installed on the user system. So, it's a capability argument in a sense, because in the pre-installation version, the disk image version, those various stores don't exist yet. They exist later. That's correct. And so, because, in your theory, it's because the disk image version is capable, once installed, of creating those stores and therefore there's a database or it's capable of being a database and so therefore you should get credit for that under an infringement theory. Well, our theory is essentially what you have described and it's based on this court's precedent in the Versada case, for example, as well as Finjan and the Erickson case that we cited in our briefs. I think the Versada case as well as the Fantasy Sports case are directly applicable because they do involve a situation where the user is installing the software and activating the functions that are in the software but, let's just say, not active at the time. Okay. And just to try to figure out what is the scope of this appeal, let's assume for the moment that I agree with the judge below that a doctrine of equivalence theory wasn't really properly preserved below, nor was a literal infringement theory based on the installed version of the accused products preserved. What is your argument for why either or both of those theories are actually preserved in the case? The issue that the judge raised was only with respect to the doctrine of equivalence issue, as I recall. As I recall, in footnote 5, he said your argument as in your footnote, in your opposition to summary judgment of non-infringement, identified the post-installation version of the accused products as also possibly having a file because the data therein is treated as a unit. And then he said in the footnote that your footnote was an improper way to assert an alternative infringement theory and so, therefore, he's not going to consider it and he considers it waived. And then he cited authority, including our own Smith-Klein-Beacham opinion, which says trying to assert arguments or theories in a footnote is no way to preserve arguments. You have to have the arguments in the text, not in footnotes. My understanding of that footnote was that it was directed to our doctrine of equivalence, the doctrine of equivalence issue, and the argument of Microsoft. But I would have to go back and check that. I'm talking about A45, which is page 7 of his opinion. Footnote 5. So maybe you can wait to reply if you want. It's under the literal infringement section. Okay, I do have to go back and look at it again because I don't remember it that way. But to answer your question, the issue down below on summary judgment was always essentially does the digital content file as construed by Judge Andrews cover only a single file or multiple files? The experts had different opinions, reports, and also testimony on that issue. But both experts addressed the definition of Judge Andrews in his claim construction ruling. In other words, a collection of data treated as a unit. The issue of how that was interpreted as a single file came up during the expert testimony, the expert report period. And our expert responded to that. Just so we can cut to the chase here, even if you're right that he applied his construction of file too restrictively to not encompass the possibility of smaller files being part of a file, and you may well be right about that as being a defect. And you may also be right that his construction of the dynamic license database was not quite right either. But nevertheless, I read his decision as hinging on the fact that the disk image file of the accused products lacks a database. And so to me, this case then boils down to really the question of whether your Erickson argument is right on the capability question. So far as the disk image is concerned, I think you're correct. But I don't see that we waived our literal infringement argument on the installed version because the expert testimony that was before him from our expert was in effect that the installed version was treated as a unit. So hypothetically, if an expert report contains, say, four infringement theories, but then in the briefing, only one of those is cited and discussed and argued for, are the other three still live infringement theories that the district court has to address? Well, I think it was your honor because This is a hypothetical. No, I understand that. Does the judge have to root out all possible infringement theories that could have been made in the actual briefing but wasn't actually articulated and then conclude, OK, I need to address these infringement theories, too, because I see the expert is meandering into other possible theories? Well, I think that's the discretion of the judge to proceed on what's presented. We agree with that. The question of waiver is something different in the sense that the installed version had issues of fact associated with it in terms of the experts disagreeing on whether the Windows and Office software was treated as a unit. So on summary judgment, that's an issue that we didn't address. We were addressing primarily the ISO file image, and during the summary judgment hearing, counsel from Microsoft conceded that not only the ISO file, but also the installed file on a hard disk was treated as a unit because it could be mounted by a file system. And our argument for infringement was based on not only the capability of the software to create the database, but also the fact that there was more or less an admission by their expert that Windows and Office, despite the fact that it could be multiple files, was infringed. In fact, meeting the definition of the court, excuse me, on plank construction, which is a collection of data treated as a unit. Your time has almost expired, but we'll give you two minutes back for rebuttal. Thank you, Your Honor. Mr. Schorkenbach. Good morning, Your Honor. May it please the court. Maybe I could start with a capability question to pick up on Judge Chen's questioning. If you even get there, I mean, first of all, I think this issue is not one that was properly presented below. There's a lot of issues in this appeal that weren't properly presented below. Looks like Judge Andrews fully addressed the whole question of capability. To the extent this ties to their argument based on comprising and the word A and so forth, I mean, those arguments were not addressed below. But putting even that to one side, Judge Chen, the cases that Judge Andrews did address were Erickson and Fingen, true. The two cases counsel is focused on here now, Fantasy Sports and Versada, two different cases. But you can look at any of those. In all of those cases, the language was critically different than the language of the claim at issue here. Those cases specifically had language of capability in the claims. The Versada software case, for example, the language was computer instructions causing a computer to implement something. So all you had to have was the presence of computer instructions that, if executed, would ultimately do something. That's not this case. This case requires a digital content file that, in fact, has certain characteristics or components, one of which is the dynamic license database. So the other side is saying, well, there's software here, just like there is software in Versada, that once installed will cause the database to exist. Well, once installed, that's really the issue. They rely on the capability cases to say that. But isn't that like Versada? Once you execute the instructions, it causes the recited function to occur. It depends on which point in time we're talking about or which infringement theory we're talking about for the plaintiff. If you're talking about pre-installation, as a matter of fact, the Microsoft products do not have yet the alleged database. They have software which, if installed and run, can create the files that are alleged to be the database. But the claim, my point is, and Judge Andrews' point was, the claims in this case require the database to exist and to exist inside the digital content file. That is not true pre-installation. And so they're trying to draw this analogy to Versada and Fantasy Sport and say, well, but it's close enough if the mere capability existed. And the answer to that question, with respect, is no, it's not enough. Because the claims here say that the thing in question has to exist. It has to exist. It's not a question of it can be created at some point in the future. Fantasy Sport is to the same effect. I won't run through the facts of the case. I can. But that was a means for doing something. And all that was required by the claim was, do you have these means present in the accused device, whether or not the user ever, in fact, invokes them or uses them? And that's a different situation than here. I thought the next issue, based on the questioning that might be useful to address, is whether the post-installation issue is even really on the table here. That is, it is the case, as Your Honor, Judge Chen noted, that the district court filed a waiver. That that was not a theory that was fairly presented below. And we've really gone from, if I can sort of come up to a slightly higher level, on the last page of VIA Tech's summary judgment opposition, page 20 of 20, the last footnote, footnote 40, tried to shoehorn in a whole bunch of sites that pertain to this post-installation theory. And Judge Andrews says that's not good enough. And clearly under this court's case law, it's not good enough. And in fact, under Third Circuit case law as well, which we put in our brief, it's not good enough. That one footnote has now become four pages in VIA Tech's reply brief here. Their reply brief page is 15 to 19. So they've sort of taken what was a waived argument below and tried to make it a marquee argument in their reply. Not really— Some of those Goldberg declaration paragraphs also show up in footnote 26 of their opposition at page 12, right? Some of them do, yes. But not in the context that they're trying to use it here of saying that they've got now this whole other theory. I mean, what they identified below in summary judgment as their theory for infringement was the file was the pre-installation file. But even putting it one side of the waiver point, and I think it was fair of Judge Andrews to find that, and it's not an abuse of discretion that he did, it still doesn't matter. Because post-installation, everybody agrees that Windows or Office, both, are a collection of many files. Many, many, many files. Individual files, each of which has a name, and everyone would agree they're separate files. And so even if you look at post-installation, that doesn't satisfy the court's claim construction of file. Well, the district court's claim construction of file, as articulated in the Markman order, did not itself exclude the possibility of, say, smaller files being part of the file. As you just phrased it, that's correct. Because he said it was simply a collection of data that is treated as a unit in a file system. Treated as a unit in a file system, but here's the difference. There's a file system directory, and there's something, for example, that said Windows, and then you looked at it and saw that underneath that folder for Windows, there are a lot of different programs and subfolders and things like that. But not treated as a unit by the file system. That could be, arguably, a unit as such when you look at it in the directory. Well, there isn't any evidence in this record that a directory is treated as a unit by the file system. In fact, if you look carefully at the testimony that they cite from their own expert, he's very careful in his phrasing when he talks about things like the Windows directory, and says, well, the directory's sort of treated as a unit, because when you actually install and run Windows, we can all agree it's performing the functions of Windows. And so that's treating it as a unit. He never actually says it's treated as a unit by the file system. And so there's no evidence on this record that it is. But getting to the application of his claim construction where he said a file can never be a set of smaller files, he also somewhere acknowledged that the license monitor and control mechanism is made up of files. And so if that thing can be made up of files, and that thing is part of a file, why can't the definition of file likewise logically encompass something that includes a bunch of smaller files? Given that the license monitor and control mechanism is conceivably made up of files. It depends on how the files are arranged, right? And when Judge Andrews observed that this specification... Okay, that's interesting. It depends on how the files are arranged. So that is an acknowledgement that there can be files that make up said file. I'm acknowledging actually what the patent says, which is you can have something called a container file or an installation file, which is a file. It is a single file. And within it, it can contain various other entities. It can contain data. It can contain other files. But in that form, you have one file. You don't have many files that are treated individually by the file system. You have one file. And when you run that file or execute that file, the contained items get extracted and separately installed. And then you have separate files. Each of them is a separate file that is treated as its own unit by the file system. And this process is actually explained in the patent in column 16, carrying over to line 17. And so that's critically different than saying any collection of separate files anywhere in Windows can be referred to as a file because they're sort of all there. That's a very different creature. And in fact, it's the very reason that Microsoft never disputed that the pre-installation file, what Council has referred to as the ISO file, we agree that's a file because it's a single file treated as an entity by the file system. Why wouldn't just the three elements of the claimed digital content file, each of those elements, be a file? The digital content, the license, monitor, and control mechanism, and then the database. Well, I mean, the short answer is it depends on how they're implemented. The digital content file can be a single file, yes. The digital content of the digital content file can be a single entity. The file access control mechanism, as disclosed in the patent, can be a single file that has functionally embedded within it, calls to other separate files. But that doesn't make, which in the example in the patent are DLLs, but that doesn't make all those DLLs all just one big file. They're separate files functionally embedded in the file access control mechanism. And then you asked about the database. Could you implement a database as a single file? Sure, you could. Microsoft doesn't do that. Microsoft has a collection of files which is alleged to be the database. So, I mean, I don't know if this is even needed if we were to affirm on the pre-installation version, but I guess I'm just trying to figure out and explore with you the possibility that maybe there are instances where a file can include smaller files. And it sounds like, yes, that can be the case. That absolutely can be the case, but you still have in that... So long as they're treated as a unit in the file system. Treated as a unit by the file system. And that's what the patent shows. That is what the patent shows. So it would be wrong to say you can never have smaller files as part of the claimed file here. So long as, even when those smaller files are treated as a unit in the file system. Agreed. Yes. And in fact, just to sort of put the icing on the cake here, Judge Andrews actually grappled with this very aspect of the specification. It's Column 6, these lines 49 and 53 that VIATEC has sort of kept coming back to and said, look, the spec says you can have files within a file. And Judge Andrews looked at that and said, well, that's right. But that doesn't say anything at all about whether when you have separate files that are not treated as a unit by the file system, that those are a file within the meaning of this patent. It's a different situation. OK. So let me go on and address a couple other items that came up in the questioning here. I do think on this issue of whether the judge changed his claim construction, we don't see that. And let me give you just a few, perhaps citations to detect if there's any question in your mind, where you can sort of compare what the judge did on claim construction with what he actually said in his summary judgment opinion. In claim construction, Judge Andrews framed the dispute at A-15 as, I mean, the dispute between the parties was whether a file required a discrete named entity on the one hand, which was Microsoft's position, or could be construed to cover a collection of files on the other hand, which was Viatek's position. That was the entire reason this term was construed. And he, of course, said, no, it can't. My construction is a collection of data, not a collection of files, a collection of data that is treated as a unit by a file system. Treated as a unit, meaning it's a discrete single unit. And so if you fast forward to summary judgment, when Viatek repeated its arguments that a collection of files could be a file, he said, no, I resolved this. And in fact, Judge Andrews specifically said, this is at A-47, at claim construction, plaintiff argued that file could mean a collection of files and not just a discrete file. I rejected this position, explaining that the patent never refers to a collection of files as a single file. And so I don't think it's fair on this record to say the judge changed his mind. He also rejected your proposed construction, too, at Markman, right? That it has to be a .exe or something like that. Well, the answer is he adopted his own construction, yes. But in substance on this point of whether a file had to be a discrete unit or its own entity on the one hand versus a collection on the other, clearly he adopted the substance of Microsoft's position. Did he use our exact words? No. Fair enough. But that decision really resolved this case because it still prevents Viatek from having any viable theory of finding a digital content file that has the required, among other things, but the required database. Well, I saw what decided this case was his decision that the disk image file version lacks a database. Yes. So it wasn't so much whether there's a file or not. No file. Fair enough. They're sort of flip sides of the same coin. But the reason that they were forced to focus on the pre-installation file is because of the definition of file, that they were not able to look at post-installation and say, well, gee, all of those things together constitute a file, and so we can find our database on that side of the equation. They were required to find the database on the other side, and it doesn't exist there. If there are no other questions. Thank you, counsel. Very good. Thank you. Mr. Lennon has a couple of minutes. Yes. Two minutes. Thank you. Concerning counsel's last point, I would just like to reiterate that the claim construction ruling by Judge Andrews was a collection of data treated as a unit, and I emphasize treated as a unit. During summary judgment, he says in his summary judgment opinion that he ruled on claim construction that the file meant a unit, quote, unquote. That is the basis on which we are placing our argument that he did, in fact, change his claim construction. To Your Honor's point earlier about our arguments about the literal infringement and the post-installation filing, I would first say that we based our arguments focusing on the ISO file because of the court's claim construction of the dynamic license database residing in the digital content file. In other words, on claim construction, Judge Andrews required that the database be part of the digital content file. And in the footnote I believe the court was referring to, we essentially said that post-installation, we weren't giving up that theory, but if the claim construction is ruled erroneous, then that infringement theory was still viable and we should have an opportunity to make that argument. I think that's all I have to say for right now. Thank you. Thank you, counsel. We'll take the case under revisal.